

# Notice of Service of Process

null / ALL
Transmittal Number: 21502260
Date Processed: 05/12/2020

| | |
|---|---|
| **Primary Contact:** | Marti Cornwell<br>UNUM Group<br>1 Fountain Sq<br>Dept (7N200<br>Chattanooga, TN 37402-1307 |
| **Electronic copy provided to:** | Judy Drake<br>Janna Thomas<br>Jen Majic |

| | |
|---|---|
| **Entity:** | Colonial Life & Accident Insurance Company<br>Entity ID Number  0126382 |
| **Entity Served:** | Colonial Life and Accident Insurance Comp |
| **Title of Action:** | Dawn Crawford vs. Colonial Life and Accident Insurance Company |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Madison County Circuit Court, KY |
| **Case/Reference No:** | 20-CI-00217 |
| **Jurisdiction Served:** | South Carolina |
| **Date Served on CSC:** | 05/11/2020 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| **Sender Information:** | Jessica K. Winters<br>859-619-2134 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

David M. Fernandez, Madison Circuit Clerk
P.O. Box 1243, 101 West Main Street
Richmond, KY 40475-0813

CORPORATION SERVICE COMPANY
1703 LAUREL ST
COLUMBIA, SC 29201



# KCOJ eFiling Cover Sheet

Case Number: 20-CI-00217

Envelope Number: 2425409

Package Retrieval Number: 242540917055698@00000129642

Service by: Certified Mail

Service Fee: $ 0.00

Postage Fee: $ 12.50

The attached documents were generated via the Kentucky Court of Justice eFiling system. For more information on eFiling, go to http://courts.ky.gov/efiling.

Presiding Judge: HON. BRANDY O. BROWN (625387)

| | | |
|---|---|---|
| AOC-E-105  Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice    Courts.ky.gov<br><br>CR 4.02; Cr Official Form 1 | <br><br>**CIVIL SUMMONS** | Case #: **20-CI-00217**<br>Court:   **CIRCUIT**<br>County: **MADISON** |

*Plantiff*, **CRAWFORD, DAWN VS. COLONIAL LIFE AND ACCIDENT INSURANCE COMP**, *Defendant*

TO:  **CORPORATION SERVICE COMPANY**
     **1703 LAUREL ST**
     **COLUMBIA, SC 29201**

Memo: Related party is COLONIAL LIFE AND ACCIDENT INSURANCE COMP

The Commonwealth of Kentucky to Defendant:
**COLONIAL LIFE AND ACCIDENT INSURANCE COMP**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ David M. Fernandez,
Madison Circuit Clerk
Date: **5/4/2020**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20_____

_____  Served By

_____  Title

Summons ID: 24254091705569B@00000129642
CIRCUIT: 20-CI-00217 Certified Mail
CRAWFORD, DAWN VS. COLONIAL LIFE AND ACCIDENT INSURANCE COMP



Page 1 of 1

eFiled

**MADISON CIRCUIT COURT**
**25TH JUDICIAL CIRCUIT**
**DIVISION _____**
*ELECTRONICALLY FILED*

Civil Action No. _____

**DAWN CRAWFORD,**
Individually                                                                          **PLAINTIFF**

**COMPLAINT**

V.

**COLONIAL LIFE AND ACCIDENT**
**INSURANCE COMPANY**                                                                 **DEFENDANT**

  Serve: Corporation Service Company
     1703 Laurel Street
     Colombia, South Carolina
     29201

* * * * * * * *

Comes the Plaintiff, Dawn Crawford, through counsel, and for her Complaint against Defendant Colonial Life and Accident Insurance Company respectfully states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. The Plaintiff, Dawn Crawford ("Mrs. Crawford"), is a resident of Madison County, Kentucky, with an address of 3278 Poosey Ridge Road, Richmond, Kentucky.

2. The Defendant Colonial Life and Accident Insurance Company ("Colonial Life") is a corporation organized and existing under the laws of South Carolina, with a principle place of business of 1200 Colonial Life Boulevard, Columbia, South Carolina.

1

3. This Court has jurisdiction over the subject matter of this action because the acts and omissions of the Defendant giving rise to this Complaint took place in Madison County, Kentucky.

4. This Court has personal jurisdiction over the individual parties because the Defendant conducts business in Madison County.

5. Venue is proper in Madison County because (a) all or a substantial amount of the acts giving rise to the Plaintiff's claims occurred in Madison County, Kentucky; and (b) the Defendant is subject to personal jurisdiction within the Commonwealth of Kentucky and Madison County, Kentucky in particular.

6. This action seeks damages in excess of the jurisdictional minimum of this Court.

## RELEVANT FACTUAL BACKGROUND

7. Plaintiffs incorporate each of the preceding Paragraphs as if set forth fully herein.

8. Plaintiff met with Colonial Life agent Shawnaline Jackson at her workplace in early April, 2015 regarding the possibility of obtaining life insurance for herself. At the time Plaintiff met with Ms. Jackson, she only intended to seek insurance for herself.

9. Ms. Jackson asked Mrs. Crawford questions for her life insurance application, and insisted on asking questions about Marc Crawford. Plaintiff responded by saying that she didn't think she could obtain life insurance coverage for Marc Crawford because he had been diagnosed with lung cancer. She replied: "That's not necessarily true."

10. Ms. Jackson asked whether Marc Crawford was a smoker. Plaintiff responded that he had been, but quit when he was diagnosed with cancer. Ms. Jackson asked Plaintiff whether Marc Crawford was in treatment for cancer, and Plaintiff informed Ms. Jackson that he was, and

2

that he was doing well. Ms. Jackson asked Plaintiff whether Plaintiff believed Marc Crawford would survive another two years. Plaintiff responded that she was hopeful he would.

11. Ms. Jackson spoke to Plaintiff of her personal story dealing with cancer and prayed with Plaintiff in the middle of their discussions. The encounter was extremely emotional for Plaintiff.

12. Mrs. Crawford gave truthful answers to every question asked by Ms. Jackson.

13. Mrs. Crawford watched Ms. Jackson input this information into her laptop, and believed it was incorporated into the life insurance application. Ms. Jackson told Mrs. Crawford not to worry about her husband's medical condition. Ms. Jackson also told Mrs. Crawford that the medical questions she was asking were specific to Mrs. Crawford, and that to the extent that a separate medical questionnaire was needed for Mr. Crawford, one would be sent to Mrs. Crawford at a later date. Plaintiff believed the life insurance application for herself and Mr. Crawford was complete at the conclusion of her meeting with Ms. Jackson.

14. A few days after the interview with Ms. Jackson concluded, Ms. Jackson informed Mrs. Crawford that her signature didn't go through on the original application, and that the application would be sent to her by email from Ms. Jackson so that Plaintiff could re-sign. Mr. and Mrs. Crawford signed and returned the typewritten application without checking to see whether the information contained on the application was the same as that which had been communicated to and recorded by Ms. Jackson during the meeting between Mrs. Crawford and Ms. Jackson at Mrs. Crawford's workplace.

15. Colonial Life thereafter issued Policy No. 8405027930 (the "Policy"), which provided a $90,000 benefit to Plaintiff upon Marc Crawford's death, which was effective May 1, 2016.

3

16. Colonial Life did not seek any additional medical information regarding Mr. Crawford's or request a medical examination of either Mr. Crawford or Mrs. Crawford prior to issuing the Policy.

17. $590.80 in premiums on the Policy were paid in a timely manner, and Mrs. Crawford and her family rested more easily with the assurance that the Policy proceeds would assist the family in recovering financially from Mr. Crawford's death if and when such occurred.

18. Mr. Crawford thereafter tragically died in June 2017 of a cardiac event unrelated to his lung cancer diagnosis.

19. Colonial Life thereafter breached the life insurance contract and the duty of good faith and fair dealing owed to Plaintiff, both under common law and KY Rev. Stat. Ann. 304.12-230, by improperly and maliciously, and without any basis, denying Plaintiff's claim for death benefit under the Policy and rescinding the Policy.

20. Colonial Life returned the premiums paid on the Policy to Plaintiff; however Plaintiff has not cashed this check or accepted a return of the premiums paid.

21. Colonial Life's decision to rescind the Policy was based upon its conclusion, after investigation, that Mr. Crawford gave material false or misleading answers to the questions on the life insurance application. Specifically, Question #1, the question that asks whether Mr. Crawford used any tobacco products, was left blank. Question #11, which asks whether Mr. Crawford had received medical advice or sought treatment for cancer, was answered: "no."

22. The medical records obtained by Colonial Life after Mr. Crawford's death indicated that Mr. Crawford previously smoked a pack of cigarette a day, and also that in 2015 Mr. Crawford sought treatment in regards to lung cancer.

4

23. Colonial Life was informed, however, at the time of its denial of claim, that full and complete answers to Question #1 and Question #11 were provided by Plaintiff to the Colonial Life insurance agent who completed the insurance application in question. The failure of the insurance agent to record true and accurate answers to the questions at issue is not the fault of either Mr. Crawford or Plaintiff. Colonial Life is charged with the knowledge of its agent.

24. Where an application is made out entirely by the agent of the insurer from his own knowledge, or fraudulently, and the insured, acting in good faith, signs the application without reading it or without knowledge of its contents, the company is estopped from avoiding coverage.

25. There is a similar result if the insurer's agent, by misleading statements, induces the insured to make false answers and the latter acts in good faith.

26. Plaintiff should be awarded a judgment against Colonial life in the amount of the death benefit under the Policy, plus attorney fees and punitive damages arising from Colonial Life's breach of statutory and common law duties owed to Plaintiff.

## PRAYER FOR RELIEF AND JURY DEMAND

**WHEREFORE,** the Plaintiff, by Counsel, pray for the following relief against the Defendant:

A. Judgment for the $90,000 life insurance policy proceeds for the face value of the policy on the life of Marc Crawford, deceased, naming Plaintiff as beneficiary;

B. Judgment in an amount that will fairly and adequately compensate the Plaintiff for the damages alleged herein in an amount to be determined by a jury, together with pre-judgment and post-judgment interest at the legal rate until paid, all in amount exceeding the jurisdictional minimum of this Court.

5

C. Actual damages in an amount to be determined at trial;

D. Consequential or special damages;

E. Punitive damages in an amount to be determined at trial;

F. Plaintiffs' costs, expenses and reasonable attorneys' fees;

G. Such other relief as this Court deems fair and equitable; and

H. Trial by Jury.

Respectfully submitted,
/s/ Jessica Winters

---

Jessica K. Winters
The Winters law Group, LLC
432 S. Broadway, Suite B
Lexington, KY 40508
Phone: (859) 619-2134
Email: jessica@thewinterslawgroup.com

*Counsel for Plaintiffs*

David Fernandez
161 N Main St Ste 227
Richmond Ky 40475

7019 2280 0002 1533 2298

Corporation Service Company
1703 Laurel St
Columbia SC 29201

20-CI-267